James C. Williamson v. Commissioner.
Williamson v. Commissioner
Docket No. 21081.
United States Tax Court
1949 Tax Ct. Memo LEXIS 30; 8 T.C.M. (CCH) 1001; T.C.M. (RIA) 49272; November 28, 1949
*30 Harry C. Blanton, Esq., Sikeston, Mo., for the petitioner. George E. Gibson, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined deficiencies in income tax for the calendar years 1945 and 1946 in the respective amounts of $1,347.53 and $8,103.34. The sole question at issue is whether respondent erred in not allowing as part of the cost of goods sold the portions of the amounts paid by petitioner for the purchase of lumber during the taxable years involved which exceeded the O.P.A. ceiling prices for such lumber. A portion of the facts has been stipulated. Findings of Fact Petitioner is an individual residing at Dexter, Missouri, and filed his returns for the periods here involved with the collector of internal revenue for the first district of Missouri. Throughout the years 1945 and 1946 petitioner was engaged in the lumber business. Almost all of his business was in lumber which he purchased by the truck load at saw mill sites and hauled directly to his customers without further handling. During 1945 petitioner sold lumber for which he paid the total amount of $32,836.24, which amount was submitted *31 by petitioner as the cost of the lumber in reporting his gross profit from the sale of lumber in his 1945 return. Respondent determined that the maximum O.P.A. ceiling prices for such lumber totaled $28,983.23, or $3,853.11 less than the amount paid by petitioner therefor, and disallowed said amount, stating in the notice of deficiency: "In 1945 you purchased lumber for resale for which you paid the amount of $3,853.11 in excess of the ceiling prices established by the Office of Price Administration. This amount is held not to be either part of the cost of goods sold or a business expense deduction. Your net income is being increased accordingly." During 1946 petitioner sold lumber for which he paid the total amount of $62,705.34. which amount was submitted by petitioner as the cost of the lumber in reporting his gross profit from the sale of lumber in his 1946 return. Respondent determined that the maximum O.P.A. ceiling prices for such lumber totaled $41,110.29, or $21,595.05 less than the amount paid by petitioner therefor, and disallowed said amount, stating in the notice of deficiency: "In 1946 you purchased lumber for resale for which you paid the amount of $21,595.05 in *32 excess of the ceiling prices established by the Office of Price Administration. This amount is held not to be either part of the cost of goods sold or a business expense deduction. Your net income is being increased accordingly." The above amounts submitted by petitioner as the cost of lumber sold by him in 1945 and 1946 are the amounts shown by petitioner's books and records in which separate entries were made showing the O.P.A. ceiling prices of the lumber purchased by petitioner and the amounts paid by petitioner in excess of such ceiling prices. Petitioner was aware at the time he bought the lumber, both in 1945 and 1946, that he was paying amounts in excess of O.P.A. ceiling prices, but in both years he was unable to buy lumber at lower prices. The cost to petitioner of lumber sold by him in 1945 was $32,836.34, of which the sum of $3,853.11 was paid by petitioner in excess of the ceiling prices established by the Office of Price Administration. The cost to petitioner of lumber sold by him in 1946 was $62,705.34, of which the sum of $21,595.05 was paid by petitioner in excess of the ceiling prices established by the Office of Price Administration. Opinion The facts *33 in the instant case closely parallel those in (on appeal, C.C.A., 5th Cir.), and are even more favorable to petitioner than were the facts in that case to the taxpayer therein. This Court there held that amounts paid by the taxpayer to wholesale meat packing firms for meats purchased from them in excess of the O.P.A. prices in effect at the time of the purchases were correctly included by the taxpayer as part of the cost of goods sold. Accordingly, we have found as a fact that the cost to petitioner herein of lumber sold by him in 1945 and 1946 included the amounts paid by petitioner in excess of the O.P.A. ceiling prices for such lumber, and, on the authority of the Sullenger case, we hold that respondent erred in failing to include such amounts in the cost of goods sold. Decision will be entered for the petitioner.